UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CARRANZA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 20-cv-1819-DMS-WVG<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION TO STRIKE, (2) DENYING DEFENDANT'S MOTION TO DISMISS** |

　　　This case comes before the Court on Defendant The Terminix International Company Limited Partnership's ("Terminix") motion to strike Plaintiff Jaime Carranza's class allegations, or in the alternative, to dismiss the out-of-state class members for lack of personal jurisdiction. Plaintiff filed a response in opposition, and Defendant filed a reply. For the following reasons, Defendant's motions are denied.

**I.**

**BACKGROUND**

　　　Plaintiff alleges Defendant sent multiple automated text messages to Plaintiff's cellular telephone number in February and April of 2019, even though Plaintiff was not a customer of Defendant. (Compl. ¶¶ 22–28.) Several of these messages informed Plaintiff

that a Terminix employee would be coming to the "Glendora house" on "Monday morning." (*Id.* ¶ 28.) Others described services such as spiderweb removal. (*Id.*) Plaintiff did not give Defendant prior express written consent to send these messages. (*Id.* ¶ 29.) Sometime in 2019, Plaintiff notified Defendant that Defendant was sending messages to the wrong person. (*Id.* ¶ 31.) On June 12, 2020, Plaintiff called Defendant to discuss how Defendant had obtained Plaintiff's contact information. (*Id.* ¶¶ 32–33.) Defendant stated Plaintiff would not be contacted in the future by Defendant. (*Id.* ¶ 35.) Despite this, Plaintiff alleges he received another automated text message from Defendant on August 7, 2020. (*Id.* ¶ 37.)

Based on these allegations, Plaintiff filed a putative class action complaint on September 15, 2020, claiming violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*. Plaintiff's proposed class is:

> All persons throughout the United States (1) to whom Defendant delivered, or caused to be delivered, a text message, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification.

(*Id.* ¶ 57.) The present motions followed. (ECF No. 16.)

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court may strike "any redundant, immaterial, impertinent or scandalous matter" in a pleading. Fed. R. Civ. P. 12(f). An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534–35 (1994). An "impertinent" matter consists of statements that do not pertain and are unnecessary to the issues in question. *Id.* Generally, motions to strike are disfavored because pleadings are of limited importance in federal practice and such motions are usually used as a delaying tactic. *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005). Thus, courts will

generally grant a motion to strike only when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002); *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015). In exercising its discretion over whether to grant a motion to strike, the court "views the pleadings in the light most favorable to the non-moving party." *Cal. Dep't of Toxic Substances Control*, 217 F. Supp. 2d at 1033.

On a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden "to establish the district court's personal jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir. 2003). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)). "Uncontroverted allegations in the complaint must be taken as true, and factual disputes are construed in the plaintiff's favor." *Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)).

Because "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution[,]" this Court "need only determine whether personal jurisdiction in this case would meet the requirements of due process." *Harris Rutsky*, 328 F.3d at 1129 (internal quotation marks and citation omitted). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial

justice.' " *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073–74 (9th Cir. 2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 216 (1945)).

## III.

## DISCUSSION

Defendant moves to strike Plaintiff's class allegations. In the alternative, Defendant moves to dismiss the out-of-state class members. The Court addresses each motion in turn.

**A. Motion to Strike**

Defendant argues Plaintiff's proposed class is not ascertainable and cannot satisfy either the predominance or typicality requirements of Federal Rule of Civil Procedure 23. Plaintiff contends a motion to strike class allegations at the pleading stage is disfavored, and the issues raised by Defendant are better addressed on a motion for class certification.

"Federal Rule of Civil Procedure 23 governs the maintenance of class actions in federal court. Parties seeking class certification must satisfy each of the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and at least one of the requirements of Rule 23(b)." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017) (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011)); *see* Fed. R. Civ. P. 23.

"Class allegations may be stricken at the pleading stage." *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1235 (S.D. Cal. 2009) (citing *Kamm v. California City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975)); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007); *see Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009) (recognizing "preemptive" challenges to class certification prior to plaintiff's filing of motion to certify); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (stating court has authority under Rule 12(f) and Rule 23 to strike class allegations prior to discovery "if the complaint demonstrates that a class action cannot be maintained"). "However, motions to strike class allegations are generally disfavored because 'a motion for class certification is a more appropriate vehicle.' " *Lyons*, 718 F. Supp. 2d at 1235–36 (quoting *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125

(N.D. Cal. 2008)). Indeed, "the granting of motions to dismiss class allegations before discovery has commenced is rare." *In re Wal-Mart Stores*, 505 F. Supp. 2d at 615.

Defendant raises three challenges to Plaintiff's proposed class. First, it contends the proposed class is impermissibly broad, and therefore not ascertainable. Specifically, Defendant argues many putative class members have suffered no injury, because those who consented to receiving texts about Terminix services have no viable TCPA claim. Second, Defendant argues the proposed class lacks predominance because the claims here require fact-specific inquiries, such as whether an autodialer was used, whether each individual was a customer of Defendant, and whether the individual consented to receiving messages. Third, Defendant asserts the proposed class lacks typicality because the facts of this case are unique to Plaintiff. Defendant contends the messages Plaintiff received were not " 'en masse' telemarketing communications," but rather were targeted toward a particular customer describing a specific service at a specific location. (Def.'s Mem. of P. & A. in Supp. of Mot., ECF No. 16, at 12.)

Defendant raises salient points regarding Plaintiff's proposed class. However, it has not shown that the proposed classes are not certifiable as a matter of law. *Lyons*, 718 F.Supp.2d at 1236. The Court finds these issues are better resolved on a motion for class certification with the benefit of discovery. *See In re Wal-Mart Stores*, 505 F. Supp. 2d at 615–16. The Court therefore denies Defendant's motion to strike the class allegations.

**B. Motion to Dismiss**

In the alternative, Defendant moves to dismiss the out-of-state class members. Relying on *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017) ("*Bristol-Myers*"), Defendant contends the Court cannot exercise specific personal jurisdiction with respect to the non-California class members' claims.[1]

---

[1] Plaintiff does not dispute that the Court lacks general jurisdiction over Defendant. General jurisdiction only exists when a defendant's "continuous and systematic" contacts with the forum state render it essentially "at home" there. *See Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014).

"Specific jurisdiction . . . depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citations omitted). The parties do not dispute that the Court has specific jurisdiction over Defendant for Plaintiff's TCPA claim and the claims of proposed California class members. Defendant is headquartered in Tennessee, but conducts business within California. (Compl. ¶¶ 5, 8.) Plaintiff alleges Defendant "intentionally and voluntarily directed its text messages to Plaintiff, a California resident, and this action arises from this contact with the forum." (*Id.* ¶ 5.) However, Defendant contends these allegations fail to establish personal jurisdiction with respect to the claims of the unnamed out-of-state class members. Specifically, Defendant contends *Bristol-Myers*, which required "a connection between the forum state and the specific claims at issue," 137 S. Ct. at 1781, applies to federal class action lawsuits, and thus the Court cannot exercise personal jurisdiction over the out-of-state class members, whose alleged injuries occurred outside of California.

*Bristol-Myers* arose out of a mass tort action filed in California Superior Court by a group of plaintiffs, both California and out-of-state residents, who alleged a blood-thinning drug had damaged their health. *Id.* at 1777–78. The Supreme Court held that the California court lacked personal jurisdiction over the non-California plaintiffs' claims. *Id.* at 1782. It reasoned: "The relevant plaintiffs are not California residents and do not claim to have suffered harm in that State. In addition . . . all the conduct giving rise to the nonresidents' claims occurred elsewhere. It follows that the California courts cannot claim specific jurisdiction." *Id.*

However, the Court's decision explicitly left open the question of whether its holding extends to federal personal jurisdiction. *Id.* at 1783–84 ("[S]ince our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court."). Further, as the dissent notes, the

decision did not address whether the holding would apply to a class action, as opposed to a mass tort action. *Id.* at 1789 (Sotomayor, J., dissenting).

The Ninth Circuit has not yet addressed whether *Bristol-Myers* applies to class actions. In *Molock v. Whole Foods Market Group, Inc.*, 952 F.3d 293, 295 (D.C. Cir. 2020), the D.C. Circuit held that absent class certification, putative class members are not yet parties to an action, and thus a motion to dismiss their claims before certification is premature. Recently, the Seventh Circuit held that *Bristol-Myers*' principles do not apply to a nationwide class action filed in federal court under a federal statute. *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 443, 446–47 (7th Cir. 2020), *cert denied*, --- S. Ct. ----, 2012 WL 78484 (Jan. 11, 2021) (concluding only the named class representatives' citizenship matters for establishing personal jurisdiction in TCPA class action).

Defendant argues *Bristol-Myers* does apply to federal class actions, and thus the texts sent to Plaintiff in California are insufficient to justify the exercise of personal jurisdiction over claims for alleged incidents in other states. Defendant points to district court cases which have applied *Bristol-Myers* to find personal jurisdiction lacking over nationwide class actions. In response, Plaintiff contends *Bristol-Myers* does not extend to this case. Plaintiff argues courts in this district have held *Bristol-Myers* does not limit nationwide class claims brought under federal law, and that the Court should follow the reasoning in *Mussat*.[2]

Defendant's arguments are unpersuasive. The Court is not convinced that the holding in *Bristol-Myers* reaches unnamed plaintiffs in a class action brought in federal court alleging claims under federal law.[3] *See, e.g.*, *Schertzer v. Bank of Am., N.A.*, 445 F.

---

[2] Plaintiff further argues limiting nationwide class claims is inconsistent with the congressional intent behind the TCPA. The Court declines to address this argument given its finding that *Bristol-Myers* is inapplicable here.

[3] Federal courts have found *named* plaintiffs in class actions based on diversity jurisdiction are still required to demonstrate that the Court's exercise of personal jurisdiction satisfies due process as set forth in *Bristol-Myers*. *See Goldstein v. Gen. Motors LLC*, 445 F. Supp. 3d 1000, 1012 (S.D. Cal. 2020). Here, however, the issue is the Court's exercise of

Supp. 3d 1058, 1081 (S.D. Cal. 2020) (declining to extend *Bristol-Myers* to class actions and denying defendant's motion to dismiss claims of putative non-California class members for lack of personal jurisdiction); *Sousa v. 7-Eleven, Inc.*, No. 19-CV-2142 JLS (RBB), 2020 WL 6399595, at *3 (S.D. Cal. Nov. 2, 2020) (holding "*Bristol-Myers* does not apply to unnamed class members in a putative federal class action" and distinguishing class action from a mass tort where each plaintiff is named in the complaint); *In re Morning Song Bird Food Litig.*, No. 12CV01592 JAH-AGS, 2018 WL 1382746, at *5 (S.D. Cal. Mar. 19, 2018) ("While the claims of the non-resident named plaintiffs were pertinent to the issue of specific jurisdiction in *Bristol-Myers*, claims of unnamed class members are irrelevant to the question of specific jurisdiction."); *Sotomayor v. Bank of Am., N.A.*, 377 F. Supp. 3d 1034, 1037 (C.D. Cal. 2019) ("Although the Ninth Circuit has not addressed this question, the weight of authority examining this issue has concluded that *Bristol-Myers* does not apply to class actions.").

Defendant relies on *Carpenter v. Petsmart*, 441 F. Supp. 3d 1028 (S.D. Cal. 2020), a case from this District where the court applied *Bristol-Myers* to a class action involving claims under the Magnuson-Moss Warranty Act and common law claims for fraud, breach of warranty, and unjust enrichment, and thus found it lacked personal jurisdiction over the out-of-state class members' claims. Defendant argues the burden of defending a nationwide class action is significantly greater than defending an individual claim or statewide class action, and that the State of California has little interest in the claims of non-residents arising from alleged conduct by a non-California company occurring outside of California. *See Carpenter*, 441 F. Supp. 3d at 1036. However, as another district court reasoned, where a federal court presides over federal litigation, the interstate sovereignty questions raised by *Bristol-Myers*—which involved California state court litigation—are not present. *Sloan v. GM LLC*, 287 F. Supp.3d 840, 859 (N.D. Cal. 2018).

---

personal jurisdiction pertaining to the unnamed, out-of-state class members' claims, and the Court's subject matter jurisdiction is based on a federal question, not diversity.

Defendant further argues the exercise of jurisdiction over out-of-state class members' claims would contravene due process and "offend the primary concern in assessing personal jurisdiction." (Def.'s Mem. of P. & A. 17 (internal citation and quotation marks omitted).) However, courts have found that unnamed class members are not parties for jurisdictional purposes. *See, e.g.*, *Sousa*, 2020 WL 6399595, at *3–4 (concluding unnamed class members are not "parties" for purposes of assessing personal jurisdiction); *Molock*, 952 F.3d at 297 ("[U]nnamed class members are treated as nonparties for other purposes, including jurisdictional ones."). The Seventh Circuit in *Mussat* concluded unnamed class members are not required to demonstrate either general or specific personal jurisdiction, reasoning that such class members are similarly not considered parties for the purpose of assessing diversity jurisdiction. 953 F.3d at 447; *see id.* ("As the Supreme Court recognized . . . , '[n]onnamed class members . . . may be parties for some purposes and not for others.' ") (quoting *Devlin v. Scardeletti*, 536 U.S. 1, 9–10 (2002)). The Seventh Circuit additionally points out there was a "general consensus" prior to *Bristol-Myers* that nationwide federal class actions were not prohibited by due process principles, and the Supreme Court "regularly entertained nationwide classes" which relied on specific jurisdiction without issue. *Mussat*, 953 F.3d at 445.[4]

Cases within the Ninth Circuit, and the Seventh Circuit's recent decision in *Mussat*, support the finding that *Bristol-Myers*' holding does not apply to unnamed members of federal class actions. The Court agrees that *Bristol-Myers* does not prohibit the exercise of specific personal jurisdiction over unnamed out-of-state class members where, as here, a

---

[4] Since *Bristol-Myers*, at least one court in this District has certified a nationwide TCPA class involving an out-of-state defendant. *See McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142, 151, 180 (S.D. Cal. 2019). That class was later partially decertified on motion of the plaintiffs, but a subclass of "[a]ll persons within the United States" who met certain criteria remained. *McCurley v. Royal Sea Cruises, Inc.*, No. 17-CV-00986-BAS-AGS, 2020 WL 4582686, at *2 (S.D. Cal. Aug. 10, 2020).

class action alleges violation of a federal statute. Accordingly, Defendant's motion to dismiss the out-of-state class members is denied.

## IV.

## CONCLUSION AND ORDER

For the reasons set out above, Defendant's motion to strike is DENIED and Defendant's motion to dismiss is DENIED.

**IT IS SO ORDERED**.

Dated: March 29, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court